UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

DAVID L. MILLER,

    Plaintiff,                                     Case No. 05-C-1211

    v.

UNITED STATES,                                 **ORDER**

    Defendant.

---

On November 18, 2005, *pro se* plaintiff, David L. Miller, filed a complaint against the United States pursuant to 28 U.S.C. §1331. This matter comes before the court on the plaintiff's request for leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act of 1996 (PLRA), Pub. L. 104-134, Title VIII, 110 Stat. 1332, a prisoner may not bring a civil action or appeal in a civil judgment in forma paueris,

> if the prisoner has on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). A review of the court's own records reveals that the plaintiff has accumulated three strikes: (1) *Miller v. Belgado, et al.*, Case No. 01-C-887 (E.D. Wis.), dismissed on January 22, 2002; (2) *Miller v. ABC Inc., et al.*, Case No. 02-C-111 (E.D. Wis.), dismissed on January 31, 2002; and (3) *Miller v. Doe, et al.*, Case No. 05-C-185 (E.D. Wis.), dismissed on May 31, 2005.

In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), a petitioner must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat

or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). The plaintiff describes his own proposed lawsuit as one "about legal costs debt [and] Legal Loan Debt . . . ." (Docket #3 at ¶2.) In his proposed complaint, the plaintiff seeks recovery of the filing fees that he is obligated to pay in connection with his previously dismissed federal lawsuits on the ground that the "authorization for Release of Institutional Account Information and Payment of the filing fee being required constituted a contract with US made under duress." (Docket #1 at ¶2.) He argues that the withdrawal of funds from his prison account to pay the costs associated with the lawsuits has placed him in imminent danger because he is in poverty and "unable to correspond with family, have funds for basic hygien [sic] supplies, food or other costs of living and it also makes it hard to get court access" to pursue claims regarding past medical treatment. (Docket #1 at ¶7.) Such allegations, even liberally construed, do not satisfy the imminent danger requirement of §1915(g). Therefore, his petition for leave to proceed in forma pauperis will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's petition for leave to proceed *in forma pauperis* (Docket #2) is hereby **DENIED** pursuant to 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that this action will be dismissed unless the plaintiff submits the sum of $250.00 as the full filing fee in this action to the clerk of this court within 30 days of the date of this order.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden at the Wisconsin Resource Center and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this   14th   day of December, 2005.

BY THE COURT

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.,
United States Magistrate Judge

3

Case 2:05-cv-01211-WEC   Filed 12/14/05   Page 3 of 3   Document 5